IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| PATRICIA HOOD, et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 3:14-cv-05012-MDH |
| GILSTER-MARY LEE CORPORATION, | ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant Gilster-Mary Lee's Motion to Dismiss (Doc. No. 18) and Plaintiffs' Motion to Remand, or, in the Alternative, Stay Proceedings. (Doc. No. 23).[1] On July 8, 2014, after a telephone conference on the pending motions, the Court granted Plaintiffs' Motion to Stay allowing the parties to conduct limited discovery to determine whether a jurisdictional exception under 28 U.S.C. § 1332(d) applies to this case. Following the completion of the 90 day stay, the parties have now filed supplemental suggestions in support of their positions on the Motion to Remand. As a result, the Motion to Remand and the Motion to Dismiss have been fully briefed and are ripe for review.

## BACKGROUND

Plaintiffs originally filed this suit in Jasper County, Missouri on behalf of themselves and all others similarly situated alleging they are former or current employees of defendant Gilster-Mary Lee which owns and operates a microwave popcorn packaging plant in Jasper, Missouri.

---

[1] Also pending is Defendant's Motion for Leave to File Surreply Suggestions in Opposition to Plaintiff's Motion to Remand. (Doc. No. 45). The Court hereby grants the Motion for leave to file its surreply and hereby deems the surreply filed. The Court further states it reviewed Defendant's surreply (Doc. No. 45-1) in ruling on the pending motion.

1

Plaintiffs claim they suffer from lung impairment and/or suffer from lung impairment that has not yet fully manifested resulting from exposure to natural and artificial butter flavoring products, compounds and ingredients, including but not limited to diacetyl. Plaintiffs specify the purported class to include all persons who, prior to January 1, 2008, worked for a period of one (1) year or more at the Gilster-Mary Lee plant in Jasper, Missouri.

Plaintiffs' petition alleges claims for premises liability, negligence, fraudulent concealment, prima facie tort, and medical monitoring, and seeks to recover compensatory damages to establish a medical monitoring program, establishment of a trust fund to pay claims for medical monitoring, an injunction for medical monitoring and costs and attorney fees.

Former defendants Sigma-Aldrich and International Flavors & Fragrances, who have subsequently been dismissed, removed the case based on provisions of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, 1441(a)-(b), and 1453.[2]

## DISCUSSION

"In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). Plaintiffs' motion for remand challenges the Court's jurisdiction; therefore, the Court must address that issue first. *See Warner v. Chase Home Fin. LLC*, 530 F. App'x 614, 615 (8th Cir. 2013).

This case was originally removed to federal court under CAFA. CAFA grants a district court jurisdiction over class actions in which (1) the class consists of more than one hundred members; (2) the amount in controversy in the aggregate exceeds $5 million, and (3) there is diversity of citizenship between any member of the class and any defendant. See 28 U.S.C. §

---

[2] The only remaining defendant is Gilster-Mary Lee.

2

Case 3:14-cv-05012-MDH   Document 75   Filed 01/26/15   Page 2 of 11

1332(d)(2)(A) and § 1332(d)(5)(B); *Elsea v. Jackson County, Missouri,* 2010 WL 4386538 *1 (October 28, 2010). The party seeking to remove the case to federal court bears the burden of establishing federal jurisdiction under CAFA. *Id.,* citing *Westerfeld v. Independent Processing, LLC.,* 621 F.3d 819, (8th Cir. Sept. 20, 2010). Here, the parties have indicated the elements for establishing removal under CAFA were met for purposes of the initial removal.

Plaintiffs now seek to remand the case to Jasper County, Mo under an exception to CAFA. Therefore, the first issue before the Court is whether an exception to removal under CAFA exists. Once the initial jurisdiction requirements have been met by the party seeking removal, the burden then shifts to the party seeking remand to establish that one of the CAFA exceptions applies. *Id.,* see, 28 U.S.C. § 1332(d).

28 U.S.C. § 1332 provides two exceptions that would allow a case to be remanded to state court. First, under 28 U.S.C. § 1332(d)(3) "a district court *may,* in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction under paragraph (2) over a class action in which greater than one-third but less than two-thirds of the members of all proposed plaintiff classes in the aggregate and the primary defendants are citizens of the State in which the action was originally filed based on consideration of --

>   (A)   whether the claims asserted involve matters of national or interstate interest;
>
>   (B)   whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States;
>
>   (C)   whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction;
>
>   (D)   whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendant;

3

(E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregrate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and

(F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed." (*emphasis added*).

Under 28 U.S.C. § 1332(d)(4) a district court *shall* decline to exercise jurisdiction under paragraph (2) –

    (A)    (i)    over a class action in which –

        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;

        (II) at least 1 defendant is a defendant –

            (aa) from whom significant relief is sought by members of the plaintiff class;

            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and

            (cc) who is a citizen of the State in which the action was originally filed; and

        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and

    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or

> (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed. (*emphasis added*).

The plaintiff bears the burden of showing that an exception under CAFA applies. *Tonnies v. Southland Imports, Inc.,* 2009 WL 3172565 *2 (E.D. Mo. Sept. 29, 2009), citing *Wilkinson v. Shackelford,* 478 F.3d 957, 963 (8th Cir. 2007). Plaintiffs have moved the Court to remand this case pursuant to 28 U.S.C. §1332(d)(4).

As previously stated, under 28 U.S.C. §1332(d)(4) Plaintiffs have the burden of proving the citizenship requirements for remand.[3] *Id.*, citing *Hart v. Fedex Ground Package System, Inc.,* 457 F.3d 675 (7th Cir. 2006). Here, the parties agree that approximately 41% of potential class members have confirmed Missouri citizenship. However, Plaintiffs argue they have further established that over two-thirds of the potential class members are Missouri citizens while Defendants argue Plaintiffs have failed to establish citizenship of any additional class members beyond the 41 percent.

Courts "generally presume that the State of residency is the State of citizenship." *Tonnies v. Southland Imports, Inc.,* 2009 WL 3172565 * 3 (E.D. Mo. 2009), citing, *State Farm Mut. Auto Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994); and *Fort Knox Transit v. Humphrey,* 151 F.2d 602 (6th Cir. 1945). Further, courts have relied on geographic limitations in a class definition to form conclusions about the likely make up of a class and the decisions are aided by the "well-established maxim that residence is prima facie proof of citizenship." *Elsea v. Jackson County, Mo,* 2010 WL 4386538 *4 (W.D. Mo. 2010)(stating "in this case, common sense and logic entitle the Court to conclude the vast majority of Missouri residents (whatever

---

[3] The two-thirds citizenship requirement is the only issue the parties have presented to the Court in their briefs. It appears the parties agree the other requirements of this exception have been met.

5

the definition of 'residents') who meet the remaining requirements to be in the class are also Missouri citizens."). In *Elsea,* the Court stated "while the Court cannot find a *specific percentage* of the class was Missouri citizens, it did find the *vast majority* of them were." *Id.* (*emphasis added*).

Other Court have also held that last known addresses create a rebuttable presumption that those individuals are Missouri citizens for purposes of the home state exception. See, *Randall v. Evamor, Inc.,* 2010 WL 1727977, at *2 (E.D. Mo. Apr. 29, 2010); citing, *Tonnies,* 2009 WL 3172565, at *3–*4 (last-known addresses, as evidence of state of residence, establish presumption of same state of citizenship); *Clover v. Sunset Auto Co.,* 2009 WL 2757050, at *3 (E.D.Mo.2009); *Redd v. Suntrup Hyundai, Inc.,* 2009 WL 2568054, at *3–*4 (E.D.Mo. 2009). Courts have agreed that if a plaintiff provides evidence of residence that is sufficient to establish Missouri citizenship, and therefore can provide the basis for remand under the exception. *Id.*

First, Plaintiffs have provided the Court with evidence that there are forty (40) current employees who would fulfill the proposed class definition of having worked more than one year at the Jasper County plant before January 1, 2008. Plaintiffs contend that all forty of those employees are residents of Missouri. However, Defendant states 3 of those employees are not United States citizens. Therefore, with regard to current employees it is undisputed that 37 of the 40, or 92.5% of the current employees, who are potential class members, are Missouri citizens.

In addition, Defendant produced a list of former employees that fulfill the proposed class definition of having worked more than a year at the Jasper plant before January 1, 2008. Plaintiffs contend of the 246 individuals on the former employee list, all but 11 have last known

6

addresses in Missouri.[4] Here, again based on last known addresses of the potential class members, 235 out of 246 individuals, or 95.5%, of the former employees, are Missouri residents. Defendant argues that not only are the last known address records outdated but also that there is no confirmation that the employees are U.S. citizens. Defendant inexplicably provides no reason as to why it cannot confirm or deny whether over half of its former employees are U.S. citizens. Nonetheless, Plaintiffs have taken further steps to identify Missouri citizenship from the list provided by Defendant. In their attempt to obtain this information they confirmed by affidavit a sampling of individuals who still reside in Missouri, as well as a few who do not. Plaintiffs obtained 95 confirmed affidavits from former employees still residing in Missouri.[5] In comparison, Plaintiffs only received 7 affidavits confirming individuals no longer resided in Missouri. While there are 126 formerly-employed individuals with last known addresses in Missouri who did not return an affidavit, the Court finds the evidence provided to the Court meets the burden of establishing it is more likely than not that over two-thirds of the potential class members are Missouri citizens.

Finally, Plaintiffs also subpoenaed records from the temporary employment agencies who provided employees to Defendant. One of those lists shows 58 of the 61 individuals identified have last known Missouri addresses. Plaintiffs have confirmed the current residency with 13 of these individuals. Plaintiffs have also confirmed potential class members from prior litigation against this Defendant. Out of approximately 25 individuals who may qualify as class members, Plaintiffs were able to confirm 9 are Missouri residents. The remaining individuals simply have not responded.

---

[4] The 11 who are not Missouri residents are disbursed among Arkansas, Kansas, North Dakota, Oklahoma and Utah.

[5] Plaintiffs also learned that seven former employees who were Missouri residents are deceased.

Defendant strenuously argues that last known address information should not be used to determine citizenship. Defendant repeatedly urges the Court to disregard the opinions from the Eastern and Western Districts of Missouri, stating they are unpublished, have been criticized by other courts and have not been followed elsewhere. Defendant further argues "the Eastern District of Missouri cases are wrongfully decided." While the Court acknowledges Defendant's position that it does not agree with the district courts of Missouri, Defendant fails to provide any binding precedent to contradict these holdings. Rather, Defendant cites cases from the district courts of Pennsylvania, Oklahoma, Illinois, New Jersey, Louisiana and Kentucky.

Defendant does reference a few appellate decisions in its brief. In *Evans v. Walter Industries, Inc.,* 449 F.3d 1159, 1164 (11th Cir. 2006), the Eleventh Circuit found that the plaintiff has the burden of proof to remand a case under a CAFA exception. It further held the plaintiffs' attorney's submission of her own affidavit to provide the evidence of the two-thirds requirement under CAFA was insufficient. *Id.* at 1166. The Court noted, the affidavit "tells us nothing about how she selected the 10,118 people who were considered 'potential plaintiffs.'" *Id.* Further, the class was defined as "extremely broad" extending over an 85-year period and there was no evidence before the Court as to whether plaintiff's counsel made any effort to estimate the number of people who no longer live in Alabama. *Id.* The Court held plaintiffs had not met their burden and did not remand under the CAFA exception. *Id.*

The Seventh Circuit did not allow remand under the CAFA exception when plaintiffs did not submit any evidence about citizenship. *In re Sprint Nextel Corp.,* 593 F.3d 669, 673-674 (7th Cir. 2010). The Seventh Circuit reversed the district court's finding that the class definition itself, individuals with Kansas cell phone numbers and mailing addresses, made it more likely than not two-thirds of the potential class members would be Kansas citizens. *Id.* The Seventh

Circuit stated "a court may not draw conclusions about the citizenship of class members based on things like their phone numbers and mailing addresses." *Id.* at 674. However, in *Sprint* Plaintiffs provided no evidence of citizenship. More importantly, the case involved cell phone information and the court noted, out of state companies may purchase text messaging for Kansas cell phones used by local employees, receive a bill at a local address but there is no evidence as to where the citizenship of the potential class members may exist. *Id.*

Finally, the Fifth Circuit also stated a CAFA exception did not apply when plaintiffs "made no effort to provide citizenship data" and merely stated "plaintiffs *believe* that the majority of this class" would meet the requirements. *Preston v. Tenet Healthsystem Memorial Medical Center, Inc.,* 485 F.3d 793, 798 (5th Cir. 2007). Further, the 7th Circuit stated, plaintiffs "ask this court to presume, despite the forced mass relocation of Orleans Parish citizens after Hurrican Katrina, that the patients' primary billing address listed in the medical records accurately reflect their domicile at the time of the filing of this action." *Id.* at 799. The Fifth Circuit held "the medical records alone cannot form an adequate basis" that two-thirds of the proposed class members are citizens of Louisiana. *Id.* at 803.

Here, this Court is presented with a much different fact scenario than all the cases cited by Defendant. The potential class members in this case are individuals who worked in a local factory in Missouri. The potential class is not overly broad in time or location, does not involve a catastrophic circumstance like Hurricane Katrina, and has been supported by both information provided by Defendant and Plaintiffs' confirmation of a representative sample based on last known addresses and potential class members. In this case, Plaintiffs have not only provided last-known addresses, they have also confirmed by affidavit a percentage of that list are still residing in Missouri. The Court finds it would be impossible at this stage for Plaintiffs to

9

confirm the citizenship of each potential class members.  However, the evidence provided does establish it is more likely than not that greater than two-thirds of the potential class members are Missouri citizens.

Therefore, after considering the evidence before the court, the Court finds that it is more likely than not that more than two-thirds of the plaintiffs are citizens of Missouri.  As the Court stated in *Elsea,* the court is allowed to rely on common sense and logic and numerous decisions establish that residence is prima facie proof of citizenship.  *Elsea,* 2010 WL 4386538 * 4 (W.D. Mo. 2010).[6]

## **CONCLUSION**

For these reasons:

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss (Doc. 18) is denied as **MOOT**.

**IT IS FINALLY ORDERED** that this cause of action, in its entirety, is hereby **REMANDED** to the Circuit Court of Jasper County, Missouri.

---

[6] Assuming arguendo that the citizenship requirements for remand under 18 U.S.C. § 1332(d)(4) have not been established, this Court would be inclined to decline jurisdiction under 28 U.S.C. § 1332(d)(3).  A court *may*, in the interest of justice, decline to exercise jurisdiction if more than one-third and less than two-thirds of the class and the primary defendant are citizens of the state where the petition was filed.  See *Elsea,* 2010 WL 4386538 * 4 (W.D. Mo. 2010).  Here, the claims asserted by Plaintiffs do not involve matters of national or interstate interest, the claims will be governed by the laws of Missouri and do not appear to be pled to avoid federal jurisdiction.  Further, the action was brought in a forum with a distinct nexus with the class members and the alleged harm.  Finally, the number of citizens of Missouri who may be potential class members appears to be substantially larger than the number of citizens from any other State.  See 28 U.S.C. § 1332(d)(3).  The Court notes Defendant argues that this exception would not apply to the facts in this case.  However, for purposes of this Order the Court will not analyze each element of this exception as it has ordered remand under 18 U.S.C. § 1332(d)(4).

**IT IS SO ORDERED.**

DATED: January 26, 2015

                                                  /s/ Douglas Harpool
                                                  **DOUGLAS HARPOOL**
                                                  **UNITED STATES DISTRICT JUDGE**